UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MERLENE BACCHUS

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, RENÉE PEPPER and
BOARD OF EDUCATION EMPLOYEES LOCAL 372,
DISTRICT COUNCIL 37, AMERICAN FEDERATION
OF STATE, COUNTY AND MUNICIPAL EMPLOYEES,
AFL-CIO,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER TO AMENDED COMPLAINT**

12 CV 1663 (WFK)(MDG)

       Defendants the City of New York and Renée Pepper, as and for their Answer to the Amended Complaint, allege as follows:

       1.     Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

       2.     Deny the allegations set forth in paragraph "2" of the Amended Complaint.

       3.     Deny the allegations set forth in paragraph "3" of the Amended Complaint.

       4.     Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

       5.     Deny the allegations set forth in paragraph "5" of the Amended Complaint.

       6.     Deny the allegations set forth in paragraph "6" of the Amended Complaint.

       7.     Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

       8.     Deny the allegations set forth in paragraph "8" of the Amended Complaint.

9. Deny the allegations set forth in subheading III that precedes paragraph "9" of the Amended Complaint.

10. Deny the allegations set forth in paragraph "9" of the Amended Complaint.

11. Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that Plaintiff filed a complaint with the New York State Division of Human Rights, which was assigned Case No. 10140309.

12. Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that Plaintiff filed a complaint with the New York State Division of Human Rights, which was assigned Case No. 10150857.

13. Admit the allegations in paragraph "12" of the Amended Complaint.

14. Admit the allegations in paragraph "13" of the Amended Complaint.

15. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "14" of the Amended Complaint.

16. Deny the allegations in paragraph "15" of the Amended Complaint.

17. Deny the allegations in paragraph "16" of the Amended Complaint, except admit that Plaintiff initiated a grievance with her union.

18. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "17" of the Amended Complaint.

19. Deny the allegations set forth in paragraph "18" of the Amended Complaint, except admit that the Union processed Plaintiff's grievance regarding her termination to Step 3 of the grievance procedure.

20. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "19" of the Amended Complaint.

21. Deny the allegations in paragraph "20" of the Amended Complaint.

22. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "21" of the Amended Complaint, except admit that Plaintiff self-identifies as a Black female of West Indies or Caribbean national origin.

23. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "22" of the Amended Complaint, except admit that Plaintiff began working for the Department of Education in or around 1994.

24. Admit the allegations set forth in paragraph "23" of the Amended Complaint.

25. Deny the allegations in paragraph "24" of the Amended Complaint, and respectfully refer to Chapter 16, § 396 of the Charter of the City of New York for its full contents and meaning, and affirmatively state that Plaintiff was not employed by the City of New York.

26. Deny the allegations in paragraph "25" of the Amended Complaint, and respectfully refer to State Law and the Charter of the City of New York for their full contents and meaning.

27. Deny the allegations in paragraph "26" of the Amended Complaint, except admit that PS/IS 295 is located at 222-14 Jamaica Avenue, Queens Village, New York.

28. Deny the allegations in paragraph "27" of the Amended Complaint, except admit that Defendant Pepper is the Assistant Principal at PS 295.

29. Deny the allegations in paragraph "28" of the Amended Complaint.

30. Deny the allegations in paragraph "29" of the Amended Complaint, and respectfully refer to Title VII, § 1981, Human Rights Law, City Law, Taylor Law and NYCCBL for their full content and meaning, and affirmatively state that Plaintiff was not employed by the City of New York.

31. Deny the allegations in paragraph "30" of the Amended Complaint, except admit that the Union is a labor organization.

32. Deny the allegations in paragraph "31" of the Amended Complaint, except admit that the Union is a collective bargaining representative for certain DOE employees.

33. Deny the allegations in paragraph "32" of the Amended Complaint, except admit that Plaintiff was a School Aide and was terminated on March 11, 2011.

34. Deny the allegations in paragraph "33" of the Amended Complaint.

35. Deny the allegations in paragraph "34" of the Amended Complaint, except admit that Plaintiff was assigned to PS 295 on or about September 4, 2007.

36. Deny the allegations in paragraph "35" of the Amended Complaint.

37. Deny the allegations in paragraph "36" of the Amended Complaint.

38. Deny the allegations in paragraph "37" of the Amended Complaint, except admit that Ms. Lopez and Ms. Horton worked at PS 295 as School Aides.

39. Deny the allegations in paragraph "38" of the Amended Complaint, except admit that Ms. Lopez and Ms. Horton were excessed in or around November 2009.

40. Deny the allegations in paragraph "39" of the Amended Complaint.

41. Deny the allegations in paragraph "40" of the Amended Complaint.

42. Deny the allegations in paragraph "41" of the Amended Complaint.

43. Deny the allegations in paragraph "41(a)" of the Amended Complaint.

44. Deny the allegations in paragraph "41(b)" of the Amended Complaint.

45. Deny the allegations in paragraph "41(c)" of the Amended Complaint.

46. Deny the allegations in paragraph "41(d)" of the Amended Complaint.

47. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph "41(e)" of the Amended Complaint, except admit that Plaintiff submitted a doctors note diagnosing lower back pain.

48. Deny the allegations in paragraph "41(f)" of the Amended Complaint, except admit that Plaintiff was directed to undergo a medical examination pursuant to New York State Education Law § 2568.

49. Deny the allegations in paragraph "41(g)" of the Amended Complaint, except admit that Plaintiff was found to be "fit" after the medical examination.

50. Deny the allegations set forth in paragraph "41(h)" of the Amended Complaint.

51. Deny the allegations in paragraph "41(i)" of the Amended Complaint, and refer to the letter dated December 3, 2009 from Thompson to Plaintiff for its full content and meaning.

52. Deny the allegations in paragraph "41(j)" of the Amended Complaint, except admit that in a letter dated December 4, 2009 from Thompson to Plaintiff, Thompson informed Plaintiff that due to allegations of corporal punishment/verbal abuse, effective immediately, her job duties would not include contact with children.

53. Deny the allegations in paragraph "41(k)" of the Amended Complaint, except admit that there were allegations that Plaintiff called a student a "jerk," that she grabbed three students, and that she yelled "you are in trouble;" admit that after an investigation, Thompson substantiated these allegations; and admit that Plaintiff was found to have violated Chancellor's Regulations A-420 and A-421.

54. Deny the allegations in paragraph "41(l)" of the Amended Complaint, except admit that there was an allegation that Plaintiff grabbed a student very hard by the shoulders; admit that after an investigation, Thompson substantiated this allegation; and admit that Plaintiff was found to have violated Chancellor's Regulation A-420.

55. Deny the allegations in paragraph "41(m)" of the Amended Complaint, except admit that there was an allegation that Plaintiff called a student "stupid;" admit that after an

investigation, Thompson substantiated this allegation; and admit that Plaintiff was found to have violated Chancellor's Regulation A-421.

56. Deny the allegations in paragraph "42" of the Amended Complaint except admit that Plaintiff filed a complaint with the Department of Education's Office of Equal Opportunity on or about December 17, 2009.

57. Deny the allegations in paragraph "43" of the Amended Complaint, except deny knowledge or information sufficient to form a belief regarding the truth of the allegations concerning what Plaintiff believed.

58. Deny the allegations in paragraph "44(a)" of the Amended Complaint, except admit that there was an allegation that Plaintiff grabbed a student by the hair; admit that after an investigation, Thompson substantiated this allegation; and admit that Plaintiff was found to have violated Chancellor's Regulation A-420.

59. Deny the allegations in paragraph "44(b)" of the Amended Complaint, and refer to the January 19, 2010 letter from Renée Pepper to Plaintiff for its full content and meaning.

60. Deny the allegations in paragraph "44(c)" of the Amended Complaint, and refer to the February 2, 2010 letter for its full content and meaning.

61. Deny the allegations in paragraph "44(d)" of the Amended Complaint, and refer to the February 5, 2010 letter for its full content and meaning.

62. Deny the allegations in paragraph "44(e)" of the Amended Complaint, and refer to the February 22, 2010 letter for its full content and meaning.

63. Deny the allegations in paragraph "45" of the Amended Complaint, except admit that Plaintiff filed a complaint with the New York State Division of Human Resources on or about March 3, 2010.

64. Deny the allegations in paragraph "46" of the Amended Complaint, except deny knowledge or information sufficient to form a belief regarding the truth of the allegations concerning what Plaintiff believed.

65. Deny the allegations in paragraph "47" of the Amended Complaint.

66. Deny the allegations in paragraph "47(a)" of the Amended Complaint, and refer to the April 16, 2010 letter for its full content and meaning.

67. Deny the allegations in paragraph "47(b)" of the Amended Complaint, and refer to the April 20, 2010 letter for its full content and meaning.

68. Deny the allegations in paragraph "47(c)" of the Amended Complaint, except admit that Ms. Lopez came back to PS 295 as a School Aide on or about January 5, 2011.

69. Deny the allegations in paragraph "47(d)" of the Amended Complaint, except admit that a meeting was scheduled for January 26, 2011 and refer to the January 21, 2011 letter for its full content and meaning.

70. Deny the allegations in paragraph "47(e)" of the Amended Complaint, except admit that the January 26, 2011 conference was rescheduled to February 3, 2011 and refer to the January 26, 2011 letter for its full content and meaning.

71. Deny the allegations in paragraph "47(f)" of the Amended Complaint, except admit that a meeting was scheduled for February 16, 2011 and refer to the February 10, 2011 letter for its full content and meaning.

72. Deny the allegations in paragraph "48" of the Amended Complaint, except admit that there was a meeting on February 16, 2011 attended by Plaintiff, Pepper and Phyllis Wambser during which allegations of verbal abuse by Plaintiff were discussed.

73. Deny the allegations in paragraph "49" of the Amended Complaint, except admit that Plaintiff's failure to notify PS 295 administration regarding her phone call to a student's parent was discussed during the February 16, 2011 meeting.

74. Deny the allegations in paragraph "50" of the Amended Complaint, except admit that Plaintiff was found to have violated Chancellor's Regulation A-421, and refer to the March 11, 2011 letter for its full content and meaning.

75. Deny the allegations in paragraph "51" of the Amended Complaint, and refer to the March 11, 2011 letter for its full content and meaning.

76. Deny the allegations in paragraph "52" of the Amended Complaint.

77. Deny the allegations in paragraph "53" of the Amended Complaint.

78. Deny the allegations in paragraph "54" of the Amended Complaint.

79. Deny the allegations in paragraph "55" of the Amended Complaint, except admit that a complaint was filed with the New York State Division of Human Rights on or about September 26, 2011.

80. Deny the allegations in paragraph "56" of the Amended Complaint.

81. Deny the allegations in paragraph "57" of the Amended Complaint.

82. Deny the allegations in paragraph "58" of the Amended Complaint.

83. Deny the allegations in paragraph "59" of the Amended Complaint, except admit that Plaintiff filed a grievance with the union, and deny knowledge or information sufficient to form a belief regarding the truth of the allegations regarding the Union's processing of the grievance.

84. Deny the allegations in paragraph "60" of the Amended Complaint.

85. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "61" of the Amended Complaint.

86. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "62" of the Amended Complaint.

87. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "63" of the Amended Complaint.

88. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "64" of the Amended Complaint.

89. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "65" of the Amended Complaint, except deny such paragraph insofar as it alleges any impropriety of the "employer's [Pepper's] investigation of the incident."

90. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "65(a)" of the Amended Complaint.

91. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "65(b)" of the Amended Complaint.

92. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "66" of the Amended Complaint.

93. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "67" of the Amended Complaint, except admit that Plaintiff was suspended without pay for two weeks based on substantiated allegations of corporal punishment, which involved Plaintiff grabbing a student by the hair, and admit that the "fat boy" incident occurred on February 2, 2011.

94. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "68" of the Amended Complaint.

95. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "69" of the Amended Complaint.

96. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "70" of the Amended Complaint.

97. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "71" of the Amended Complaint.

98. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "72" of the Amended Complaint.

99. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "73" of the Amended Complaint.

100. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "74" of the Amended Complaint.

101. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "75" of the Amended Complaint.

102. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "76" of the Amended Complaint, except deny such paragraph insofar as it alleges any impropriety by DOE or its employees in the investigation.

103. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "77" of the Amended Complaint.

104. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "78" of the Amended Complaint.

105. In response to paragraph "79" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "78" of the Amended Complaint as if set forth fully herein.

106. Deny the allegations set forth in paragraph "80" of the Amended Complaint.

107. Deny the allegations set forth in paragraph "81" of the Amended Complaint.

108. Deny the allegations set forth in paragraph "82" of the Amended Complaint.

109. In response to paragraph "83" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "82" of the Amended Complaint as if set forth fully herein.

110. Deny the allegations set forth in paragraph "84" of the Amended Complaint.

111. Deny the allegations set forth in paragraph "85" of the Amended Complaint.

112. Deny the allegations set forth in paragraph "86" of the Amended Complaint.

113. In response to paragraph "87" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "86" of the Amended Complaint as if set forth fully herein.

114. Deny the allegations set forth in paragraph "88" of the Amended Complaint.

115. Deny the allegations set forth in paragraph "89" of the Amended Complaint.

116. Deny the allegations set forth in paragraph "90" of the Amended Complaint.

117. In response to paragraph "91" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "90" of the Amended Complaint as if set forth fully herein.

118. Deny the allegations set forth in paragraph "92" of the Amended Complaint.

119. Deny the allegations set forth in paragraph "93" of the Amended Complaint.

120. Deny the allegations set forth in paragraph "94" of the Amended Complaint.

121. In response to paragraph "95" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "94" of the Amended Complaint as if set forth fully herein.

122. Deny the allegations set forth in paragraph "96" of the Amended Complaint and affirmatively state that such paragraph is a legal argument that does not require a response.

123. Deny the allegations set forth in paragraph "97" of the Amended Complaint.

124. Deny the allegations set forth in paragraph "98" of the Amended Complaint.

125. In response to paragraph "99" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "98" of the Amended Complaint as if set forth fully herein.

126. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "100" of the Amended Complaint.

127. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "101" of the Amended Complaint.

128. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "102" of the Amended Complaint.

**AS AND FOR A FIRST DEFENSE**

129. The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE**

130. Defendants have not violated any rights, privileges or immunities secured to Plaintiff under the Constitution and laws of the United States as well as the Constitution and laws of the State of New York, or of the City of New York nor have they violated any act of Congress providing for the protections of civil rights.

**AS AND FOR A THIRD DEFENSE**

131. Defendants had legitimate, non-discriminatory, and non-retaliatory business reasons unrelated to Plaintiff's race, gender or national origin for taking any of the alleged discriminatory or alleged retaliatory acts complained of by Plaintiff.

**AS AND FOR A FOURTH DEFENSE**

132. Any claims in the complaint under Title VII that accrued more than 300 days prior to Plaintiff's filing of her charge of discrimination with the New York State Division of Human Rights are time-barred.

**AS AND FOR A FIFTH DEFENSE**

133. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A SIXTH DEFENSE**

134. This Court lacks subject matter jurisdiction over any Title VII claims in the complaint against the individually named defendant.

**AS AND FOR A SEVENTH DEFENSE**

135. The individually named defendant is immune from suit under the doctrine of qualified immunity.

**AS AND FOR AN EIGHTH DEFENSE**

136. Plaintiff's city and state law claims fail to state a cause of action because Plaintiff failed to comply with notice of claim requirements.

**AS AND FOR A NINTH DEFENSE**

137. Plaintiff's claims for back pay are barred by her failure to mitigate damages.

**AS AND FOR A TENTH DEFENSE**

138. Defendants exercised reasonable care to prevent and promptly eliminate any harassing behavior. Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by defendants or to otherwise avoid harm.

**AS AND FOR AN ELEVENTH DEFENSE**

139. The conduct complained of may consist of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences, and thus Plaintiff's claims under the New York City Human Rights Law must be dismissed.

**AS AND FOR A TWELFTH DEFENSE**

140. The defendant City of New York is not subject to an award for punitive damages.

**AS AND FOR A THIRTEENTH DEFENSE**

141. This Court lacks subject matter jurisdiction over defendant City of New York regarding Plaintiff's claims because the City of New York was not Plaintiff's employer.

**AS AND FOR A FOURTEENTH DEFENSE**

142. This Court lacks jurisdiction over any federal claims against defendant City of New York because plaintiff did not name the City of New York as a respondent in her New York State Division of Human Rights complaints.

**AS AND FOR A FIFTEENTH DEFENSE**

143. Defendant City of New York is not liable for any claims made by plaintiff because defendant City of New York did not have knowledge of the alleged actions or inactions by defendant Pepper or individual employees of the Board of Education of the City School District of the City of New York, nor was it reasonable for defendant City of New York to have had such knowledge and, therefore, defendant City of New York could not have exercised reasonable care to prevent and correct promptly any of the actions or inactions about which plaintiff complains.

**AS AND FOR A SIXTEENTH DEFENSE**

144. This Court lacks subject matter jurisdiction over claims of improper practice.

**WHEREFORE**, Defendants respectfully request that the Court deny the relief sought by Plaintiff and dismiss the Complaint in its entirety, with costs, fees and disbursements, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 25, 2012

        **MICHAEL A. CARDOZO**
        Corporation Counsel of the
         City of New York
        Attorney for Defendants City of New York &
        Renée Pepper
        100 Church Street, Room 2-103
        New York, New York 10007
        (212) 788-8285

        By: _____/s/_____
        Kathryn E. Leone
        Assistant Corporation Counsel
        kleone@law.nyc.gov

TO: Vincent I. Eke-Nweke, Esq., counsel for Plaintiff (by ECF)

      Jesse Gribben, Esq., counsel for defendant District Council 37, American Federation of State, County and Municipal Employees, AFL-CIO (by ECF)

12 CV 1663 (WFK)(MDG)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| MERLENE BACCHUS<br><br>              Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, RENÉE PEPPER and BOARD OF EDUCATION EMPLOYEES LOCAL 372, DISTRICT COUNCIL 37, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO,<br><br>              Defendants. |
| **ANSWER TO AMENDED COMPLAINT** |
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel of the City of New York*<br>Attorney for Defendants City of New York & Renée Pepper<br>100 Church Street, Room 2-103<br>New York, N.Y. 10007-2601<br><br><br>Of Counsel: Kathryn E. Leone<br>Telephone No. (212) 788-8285<br><br><br><br>Matter No. 2012-018857 |
| *Due and timely service is hereby admitted.*<br><br>*Dated:* New York, N.Y...………………………….2012<br><br>Signed: ............................................................................<br><br>Attorney for........................................................................ |