UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERLENE BACCHUS,<br><br>            Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, RENÉE PEPPER and BOARD OF EDUCATION EMPLOYEES LOCAL 372, DISTRICT COUNCIL 37, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO,<br><br>           Defendants. | Case No.: 12-cv- 1663 (WFK)(MDG)<br><br><br><br><br><br><br>_SERVED ON AUGUST 3, 2012_ |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE UNION'S MOTION TO DISMISS THE COMPLAINT

Vincent I. Eke-Nweke, Esq.
Law Office of Vincent I. Eke-Nweke, P.C.
498 Atlantic Avenue
Brooklyn, New York 11217
(718) 852-8300

Plaintiff Marlene Bacchus ("Plaintiff" or "Bacchus") respectfully submits this memorandum of law in opposition to Defendant Board of Education Employees Local 372, District Council 37, American Federation of State, County and Municipal Employees, AFL-CIO's (the "Union") motion to dismiss Bacchus' complaint.

## PRELIMINARY STATEMENT

This action was commenced on April 4, 2012, against Defendants the City of New York[1] (the "City"), Renée Pepper and the Union. The Amended Complaint alleges discrimination, hostile work environment and retaliation claims pursuant to the Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), the New York State Human Rights Law, Executive Law § 269 *et seq.* ("Human Rights Law") and the New York City Civil Rights Law ("City Law") as well as the New York Civil Service Law Article 14 - Public Employees' Fair Employment Act, § 209-a (2) © ("Taylor Law") and the New York City Collective Bargaining Law (Administrative Code of the City of New York) § 12-306 (b) (1) and (3) ("NYCCBL") for breach of the CBA and the Union's duty of fair representation.

Bacchus was employed by the DOE as School Aide from December 1994 until March 11, 2011, when DOE wrongfully terminated her employment on the basis of trumped-up charges. Prior to the orchestration of the events leading to Bacchus' discharge, the DOE had employed Bacchus for over a period of 14 years without issuing her with a single disciplinary charge, write-up or warning letter. Nor was any allegation or complaint of misconduct levied against Bacchus during said period. However, during the last 17 months of Bacchus' employment (following the lay-off of a White co-worker of Bacchus on seniority grounds), DOE systematically began to compile a barrage

---

[1] Pursuant to the So Ordered Stipulation of the parties dated July 20, 2012, the City was dismissed as a defendant to this action and Bacchus, was *inter alia*, permitted to file an amended complaint naming the New York City Department of Education ("DOE") as a defendant to this action.

of trumped-up disciplinary charges, complaints and/or warning letters machinated for the purpose of orchestrating Bacchus' discharge so that the laid-off White co-worker would be given Bacchus' employment position.

While Bacchus' discharge was being orchestrated, the Union -- in breach of its duty of fair representation -- "stood by" and was complicit in allowing the trumped up-charges to stand. The Union further breached its duty of representation in allowing the discharge to go unremedied. Consequently, the sixth cause of action in the Amended Complaint alleges a claim against the Union for breach of the Union's duty of fair representation in violation of the Taylor Law and NYCCBL.

The Union's motion to dismiss must be denied because this Court has supplemental jurisdiction over Bacchus' State law and City law breach of duty of fair representation claims.

## STATEMENT OF FACTS

Bacchus respectfully refers the Court to her accompanying Amended Complaint (which is hereby repeated and incorporated herein by reference), for a complete recitation of the statement of facts, especially at paragraphs 3-4, 7, 59-78 and 99-102 thereof.

## ARGUMENT

### A. THE AMENDED COMPLAINT ALLEGES A COGNIZABLE STATE LAW CLAIM PURSUANT TO TAYLOR LAW AND THE NYCCBL FOR BREACH OF DUTY OF FAIR REPRESENTATION

It is well established that although the States and their "political subdivisions are excluded from the definition of "employer" contained in subdivision (2) of section 2 of the National Labor Relations Act *29 U.S.C. § 152 [2]*, the courts in New York have recognized a similar duty of fair representation on the part of public sector unions predicated on their role as exclusive bargaining representatives." *Matter of Civil Serv. Bar Assn. v. City of New York*, 64 N.Y. 2d 188, 196, 474 N.E.

2d 587, 485 N.Y.S. 2d 227 (1984)(citing cases). *See also Straker v. Metro. Transit Auth.*, 333 F. Supp. 2d 91, 104 (E.D.N.Y. 2004)(holding that "a labor organization representing public sector employees in New York State has a duty of fair representation under the New York Public Employees' Fair Employment Act, § 209-a(2)(c)."); *De Cherro v. Civil Serv. Employees Assn.*, 60 A.D. 2d 743, 744, 400 N.Y.S. 2d 902 (3rd Dept., 1977) (holding that the State Supreme Court retains jurisdiction over all labor contracts when the question of fair representation arises); *Peele v. New York City Dept., Soc. Servs.*, U.S. Dist. LEXIS 18226 at *9 (S.D.N.Y. Dec. 8, 1995)(holding that N.Y. Civ. Serv. Law § 205 does not grant PERB exclusive jurisdiction over duty of fair representation claims.); *Giacopelli v. Incorporated Village of Malverne*, 829 F. Supp. 2d 131, 147-8, (E.D.N.Y. 2011) (noting that there is an exception to PERB's exclusive jurisdiction where the claim is for breach of the duty of fair representation.); *Crane v. New York Council 66 of American Fed. of State*, 101 A.D. 2d 682, 683, 475 N.Y.S. 2d 165 (3rd Dept., 1984)(finding that the Supreme Court retains jurisdiction to review allegation of a breach of the duty of fair representation).

Accordingly, the Union's contention in this case that the New York State Public Employment Relations Board ("PERB") has exclusive jurisdiction over Bacchus' duty of fair representation claim is without merit and must be rejected.

### THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER BACCHUS' STATE LAW CLAIM FOR BREACH OF DUTY OF FAIR REPRESENTATION

This Court has and should exercise supplemental jurisdiction[2] over Bacchus' duty of fair representation claim because, pursuant to 28 U.S.C. § 1367(a) "in any civil action of which the

---

[2]Although pursuant to 28 U.S.C. § 1367(c) a district court may decline to exercise supplemental jurisdiction over a state law claim under certain enumerated circumstances, none of such circumstances is applicable to the case at bar.

district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Indeed, Federal District courts in New York have, pursuant to 28 U.S.C. § 1367(a) routinely exercised supplemental jurisdiction over public employees' breach of duty of fair representation claims. *See e.g., Peele,* U.S. Dist. LEXIS 18226 at *9 (holding that state courts, and federal courts asserting pendent jurisdiction, can resolve allegations of a breach of duty of fair representation.); *Black v. Transportation Workers Union of America,* 454 F. Supp. 813, 825 (S.D.N.Y. 1978)(asserting pendent jurisdiction over public employee's state law breach of duty of fair representation claim); *Straker,* 333 F. Supp. 2d at 104 (noting that the court will retain supplemental jurisdiction over a state law breach of duty of fair representation claim.); *D'Onofrio v. City of New York,* U.S. Dist. LEXIS 124160 at *33 (E.D.N.Y. Sept. 14, 2010)(recognizing that the court has jurisdiction over plaintiff's state law duty of fair representation under 28 U.S.C. § 1367 and exercising supplemental jurisdiction over such claim in the interest of judicial economy even after recommending dismissal all federal claims).

In this case, it is undisputed that the events, parties, transactions, and injuries that form the basis of Bacchus' federal claims are identical to the events, parties, transactions, and injuries that form the basis of her state law breach of duty of fair representation claim. Am. Compl. ¶7. Thus, Bacchus' state law duty of fair representation claim are so related to her federal claims to form part of the same case or controversy. As the Court in *Black* held, "[unless the federal claim alleged is insubstantial .... or otherwise completely devoid of merit, [the district court may], in its discretion,

4

determine the state claims presented if they derive from a common nucleus of operative fact." *Black*, 454 F. Supp. at 824 (internal quotation and citation omitted).

Significantly, the Union does not argue, nor can they, that Bacchus' federal claims are insubstantial or devoid of merit. Nor does the Union contend that Bacchus' state law duty of fair representation claim are not so related to her federal claims to form part of the same case or controversy. Rather, the Union disingenuously argues that this Court may not exercise supplemental jurisdiction over Bacchus' duty of fair representation claim solely on the specious ground that PERB has exclusive jurisdiction over the claim. However, as demonstrated above, PERB does not have exclusive jurisdiction over duty of fair representation claims. Federal courts can assert supplemental jurisdiction over allegations of a breach of duty of fair representation. *See Peele*, U.S. Dist. LEXIS 18226 at *9. The Union's argument should therefore, be rejected by the Court.

## CONCLUSION

In view of all the foregoing, Bacchus respectfully requests that the Union's motion be denied in its entirety, that she be awarded costs and attorney's fees for responding to the Union's motion and any other relief as the Court may deem just and proper.

Dated: August 3, 2012
Brooklyn, New York

Respectfully submitted,

LAW OFFICE OF VINCENT I. EKE-NWEKE, P.C.

By: _____
Vincent I. Eke-Nweke (VE 5282)
Attorney for Plaintiff Merlene Bacchus
498 Atlantic Avenue
Brooklyn, New York 11217
(718) 852-8300

5