UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
MARLENE BACCHUS,                                                 :     DECISION AND ORDER
                                                                 :
                                       Plaintiff,                :
                                                                 :     12-cv-1663 (WFK)
               -against-                                         :
                                                                 :
THE CITY OF NEW YORK, RENÉE PEPPER                               :
and BOARD OF EDUCATION EMPLOYEES                                 :
LOCAL 372, DISTRICT COUNCIL 37,                                  :
AMERICAN FEDERATION OF STATE,                                    :
COUNTY AND MUNICIPAL EMPLOYEES,                                  :
AFL-CIO,                                                         :
                                                                 :
                                       Defendants.               :
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge**

Marlene Bacchus ("Plaintiff") brought this action against the City of New York and Renée Pepper pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law § 296, and the New York City Civil Rights Law ("NYCCRL"), New York City Administrative Code § 8-107(1). Plaintiff alleges that Ms. Pepper and the City, through its Department of Education ("DOE"), discriminated against Plaintiff, subjected her to a hostile work environment, and unlawfully terminated her employment on the basis of her race and gender. Am. Compl. at ¶¶ 32–94. Plaintiff also asserts claims against her union, the Board of Education Employees Local 372, District Council 37, American Federation of State, County and Municipal Employees, AFL-CIO (the "Union"), pursuant to the New York Civil Service Law § 209-a(2)(c) (the "Taylor Law") and the New

1

York City Collective Bargaining Law ("NYCCBL"), New York City Administrative Code § 12-306(b)(1) and (3), alleging that the Union breached its duty of fair representation. Defendant Union[1] moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons stated below, the motion is denied in its entirety.

## FACTUAL BACKGROUND

From 1994 to 2011, Plaintiff, a black female originally from Guyana, was employed as a school aide by the New York City Department of Education ("DOE"). Am. Compl. at ¶¶ 21, 25, 32. During the first thirteen years of her employment with DOE, Plaintiff satisfactorily performed her duties without receiving any complaints, warning letters, or disciplinary actions against her. *Id.* at ¶¶ 34, 35.

In September 2007, Plaintiff was assigned to Public School 295 ("PS 295") as one of two school aides. *Id.* at ¶¶ 34, 37. In 2009, Kasia Lopez, a white female, was also hired as a full-time school aide at PS 295, and a few months later Shawn Horton, an African-American female, was hired as the fourth aide at the school. *Id.* at ¶¶ 33, 37. However, in September 2009, DOE notified both Lopez and Horton that, as the two school aides with the least seniority at PS 295, they were being laid off due to budgetary constraints. *Id.* at ¶ 38.

Plaintiff alleges that after Lopez and Horton were laid off, Renée Pepper, the assistant principal at PS 295, along with other school officials and employees, conspired to fire Plaintiff so that they could re-hire Ms. Lopez. *Id.* at ¶¶ 27, 33, 36. According to Plaintiff, over the next

---

[1] There appears to be some confusion among the parties about the identity of the union defendant(s). Plaintiff's amended complaint consistently refers to a single union defendant. *See* Am. Complaint at ¶¶ 30–31. However, in the motion for judgment on the pleadings, two union defendants are identified: (1) District Council 37, American Federation of State, County, and Municipal Employees, AFL-CIO, and (2) its affiliate, Board of Education Employees Local 372. Mot. for J. on the Pleadings, Dkt. 17. Because both union defendants move jointly on the same grounds, and because their apparently separate juridical status has no bearing on the outcome of the motion, this Court will treat them as a single entity for the purposes of this motion.

2

year and a half, these individuals fabricated a series of false complaints, warning letters, and allegations of misconduct against Plaintiff in order to provide a basis for terminating Plaintiff's employment. *Id.* at ¶¶ 33, 36, 38. Plaintiff also alleges that they subjected her to a hostile work environment by, *inter alia*, making racist and insulting comments, reducing her responsibilities, and cutting her work hours. *Id.* at ¶¶ 36, 40, 41. Plaintiff filed a complaint of discrimination with DOE's Office of Equal Opportunity, and, several months later, filed a separate complaint with the New York State Department of Human Rights. *Id.* at ¶¶ 42, 45. Plaintiff alleges that after each of these complaints was filed, the discrimination against her intensified. *Id.* at ¶¶ 44, 47. Plaintiff's employment was ultimately terminated on March 11, 2011. *Id.* at ¶ 51.

Following her termination, Plaintiff initiated a grievance through her Union. *Id.* at ¶ 59. Plaintiff contends that the Union processed her grievance "arbitrarily, capriciously or in bad faith" because, *inter alia*, it "processed the grievance in a perfunctory manner; unreasonably failed to pursue an investigation of the grievance; unreasonably accepted and relied upon Pepper's alleged investigation of the incidents in question to process the grievance; [and] unreasonably ignored [Plaintiff's] discrimination and retaliation claim." *Id.* In particular, Plaintiff alleges that the Union failed to interview any of the children who supposedly made the complaints against her or any of the individuals who would have been present during the incidents, failed to obtain or review available video footage of the incidents, and failed to submit her grievance to arbitration despite representing otherwise to Plaintiff. *Id.* at ¶¶ 59–63, 74.

On April 4, 2012, Plaintiff filed the instant action against the City of New York, Ms. Pepper, and the Union. On July 20, 2012, the parties stipulated to the dismissal of the City as a defendant and agreed that the City's DOE would be substituted in its place. Currently pending

before the Court is Defendant Union's motion for judgment on the pleadings to dismiss all of the claims against it.

## DISCUSSION

### I. Standard of Review

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In considering a motion for judgment on the pleadings, a court must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### II. Jurisdiction over Plaintiff's Claims Against the Union

Under New York law, public sector unions owe a duty of fair representation to their members. *See Civil Serv. Bar Ass'n, Local 237, Int'l Broth. of Teamsters v. City of New York*, 474 N.E.2d 587, 590–91 (N.Y. 1984) ("Although the State and its political subdivisions are excluded from the definition of 'employer' contained in subdivision (2) of section 2 of the National Labor Relations Act (29 USC § 152 [2]), the courts in New York have recognized a similar duty of fair representation on the part of public sector unions predicated on their role as exclusive bargaining representatives."). This duty is codified in the Taylor Law, New York Civil Service Law §§ 203, 209-a(2), and the New York City Collective Bargaining Law ("NYCCBL"), New York City Administrative Code § 12-306(b)(1) and (3). As a general rule, the Taylor Law grants the New York State Public Employment Relations Board ("PERB") "exclusive

nondelegable jurisdiction" over a public employee's allegations of improper practices by his or her union. N.Y. Civ. Serv. Law § 205(d).

In this case, the Union contends that the exclusive, nondelegable grant of jurisdiction to the PERB precludes this Court from hearing Plaintiff's claim that the Union breached its duty of fair representation. Def.'s Br. at 3. However, this position is at odds with well-established New York law, which holds that the courts "retain[] jurisdiction over all labor contracts when the question of fair representation arises." *Gansas v. City of New York*, 05-CV-5484, 2006 WL 2166869, at *8 (E.D.N.Y. July 31, 2006) (Glasser, J.) (citing *DeCherro v. Civil Serv. Emps. Assoc.*, 60 A.D.2d 743, 744, 400 N.Y.S.2d 902, 903 (N.Y. App. Div. 3d Dep't 1977)), *aff'd*, 240 F. App'x 435 (2d Cir. 2007).[2] Thus, despite the language of the Taylor Law, both New York state and federal courts routinely allow claims by public employee plaintiffs alleging that their unions breached their duty of fair representation to proceed in court. *See, e.g., id.*; *Oparaji v. United Fed'n of Teachers*, 418 F. Supp. 2d 139, 147 (E.D.N.Y. 2006) (Gershon, J.) (considering merits of whether union breached duty of fair representation); *Spano v. Kings Park Cent. Sch. Dist.*, 61 A.D.3d 666, 670, 877 N.Y.S.2d 163, 167 (N.Y. App. Div. 2d Dep't 2009) (overturning summary judgment that had been granted in favor of defendant union because there was a triable issue of fact whether union had breached its duty of fair representation).

Defendant Union attempts to distinguish the above case law by arguing that it applies only where a plaintiff alleges that the union failed to fulfill its "duty of fair representation [as] *guaranteed to plaintiff by the employment contact*" and not to claims brought under Taylor Law

---

[2] In its initial memorandum of law, Defendant Union cites several cases that it contends demonstrate that New York state courts have no jurisdiction over Plaintiff's claims. However, none of these cases concerned a union's duty of fair representation. *See, e.g., Zuckerman v. Bd. of Ed. of City Sch. Dist. of City of New York*, 44 N.Y.2d 336, 376 N.E.2d 1297, 405 N.Y.S.2d 652 (N.Y. 1978) (challenging a school district's appointments to supervisory positions); *Plumbers Local Union No. 1, AFL-CIO*, 1 OCB2d 28 (N.Y. Bd. Collective Bargaining 2008) (allegation by union against DOE that the latter violated an agreement between the two parties).

§ 209-a. Reply Br. at 6 (quoting *DeCherro*, 400 N.Y.S.2d at 903). But Defendant Union ignores a substantial body of case law considering identical claims under this very section. *See, e.g., Brown v. State Univ. of New York*, 12-CV-411, 2013 WL 312882 (N.D.N.Y. Jan. 25, 2013) (Sharpe, C.J.) (considering merits of fair representation claim under § 209-a); *Straker v. Metro. Transit Auth.*, 333 F. Supp. 2d 91, 104 (E.D.N.Y. 2004) (Block, J.) (converting claim that union violated duty of fair representation to a claim under § 209-a and exercising supplemental jurisdiction over converted claim); *Schmitt v. Hicksville UFSD No. 17*, 200 A.D.2d 661, 662–63, 606 N.Y.S.2d 761, 762 (N.Y. App. Div. 2d Dep't 1994) (considering plaintiff's claim for breach of duty of fair representation under § 209-a(2) on the merits); *see also Gear v. Dep't of Educ.*, 472 F. App'x 67, 68 (2d Cir. 2012), *cert. denied*, 2013 WL 308675 (Mar. 25, 2013) (noting that a duty of fair representation claim under state law arises under § 209-a). Moreover, in this case, Plaintiff was covered by an agreement containing specific grievance procedures, *see* Reply Br., Ex. 1, § XX, and Plaintiff alleges that the Union processed her grievance in a perfunctory manner by failing to conduct its own investigation and ignoring her discrimination and retaliation claims. Am. Compl. at ¶ 59.[3] Consequently, this Court concludes that it is not precluded from hearing Plaintiff's claims that the Union breached its duty of fair representation, and that it may properly assert supplemental jurisdiction over such claims. *See* 28 U.S.C. § 1367(a).

---

[3] Defendant Union mischaracterizes Plaintiff's claim by stating that her only allegation against the union is that it failed to take her grievance to a Step 4 grievance panel or arbitration—a decision the Union claims is within its discretion under the agreement. Reply Br. at 4. In fact, Plaintiff appears to allege that the Union failed to adequately represent her at every stage of the grievance process. *See* Am. Compl. at ¶¶ 59–64.

## III. Conclusion

For the reasons stated above, Defendant Union's motion for judgment on the pleadings is denied in its entirety.

## SO ORDERED

Dated: Brooklyn, New York
March 29, 2013

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge