UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
MERLENE BACCHUS,

                  Plaintiff,

                                                   **UNION DEFENDANTS'**
                                                   **ANSWER TO SECOND**
                                                   **AMENDED COMPLAINT**

              -against-                                   12 CV 1663 (WFK) (MDG)

NEW YORK CITY DEPARTMENT OF EDUCATION,
RENEE PEPPER and BOARD OF EDUCATION
EMPLOYEES LOCAL 372, DISTRICT COUNCIL 37,
AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES, AFL-CIO,

                  Defendants.
----------------------------------------------------------------------x

      Defendants, Board of Education Employees Local 372, District Council 37, American Federation of State, County and Municipal Workers, AFL-CIO, as and for their Answer to the Second Amended Complaint, allege as follows:

      1. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "1" of the Second Amended Complaint ("Complaint"), except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

      2. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "2" of the Complaint except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein..

      3. Deny the allegations set forth in paragraph "3" of the Complaint except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein..

1

4. Deny the allegations set forth in paragraph "4" of the Complaint except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein..

5. Deny the allegations set forth in paragraph "5" of the Complaint except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein..

6. Deny the allegations set forth in paragraph "6" of the Complaint except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein..

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

8. Deny the allegations set forth in paragraph "8" of the Complaint except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

9. Deny the allegations set forth in subheading III that precedes paragraph "9" of the Complaint and deny the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that the Union filed a grievance on plaintiff's behalf.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint except admit that Union defendants processed the grievance to Step III of the grievance process.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Admit the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations in paragraph "26" of the Complaint, except admit that PS/IS 295 is located at 222-14 Jamaica Avenue, Queens Village, New York.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that Defendant Pepper is an Assistant Principal at PS 295.

28. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Admit the allegations set forth in paragraph "29 of the Complaint except deny that DOE is an employer within the meaning of the NYCCBL.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that the Union is a labor organization and maintains its principal office New York, New York.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except admit that the Union is the collective bargaining representative of DOE employees in several titles including the School Aide title.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that Plaintiff was employed by DOE as a School Aide and was terminated on March 11, 2011.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41(a)" of the Complaint.

43. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41(b)" of the Complaint.

44. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41(c)" of the Complaint.

45. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41(d)" of the Complaint.

46. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41(e)" of the Complaint.

47. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41(f)" of the Complaint.

48. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41(g)" of the Complaint.

49. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41(h)" of the Complaint.

50. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41(i)" of the Complaint.

51. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41(j)" of the Complaint.

52. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41(k)" of the Complaint.

53. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41(l)" of the Complaint.

54. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41(m)" of the Complaint.

55. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "41(n)" of the Complaint.

56. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "42" of the Complaint.

57. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "43" of the Complaint.

58. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "44" of the Complaint.

59. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "44(a)" of the Complaint.

60. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "44(b)" of the Complaint.

61. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "44(c)" of the Complaint.

62. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "44(d)" of the Complaint.

63. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "44(e)" of the Complaint.

64. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "45" of the Complaint.

65. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "46" of the Complaint.

66. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "47" of the Complaint.

67. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "47(a)" of the Complaint.

68. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "47(b)" of the Complaint.

69. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "47(c)" of the Complaint.

70. Admit the allegations set forth in paragraph "47(d)" of the Complaint.

71. Admit the allegations set forth in paragraph 47(e) of the Complaint.

72. Admit the allegations set forth in paragraph 47(f) of the Complaint.

73. Deny the allegations set forth in paragraph 48 of the Complaint, except admit that there was a meeting on February 16, 2011 attended by plaintiff, Pepper and Wambser during which allegations of verbal abuse by plaintiff were discussed.

74. Deny the allegations set forth in paragraph "49" of the Complaint, except admit that plaintiff's failure to notify PS 295 administration regarding her phone call to a student's parent was discussed during the February 16, 2011 meeting.

75. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "50" of the Complaint and refer to the March 11, 2011 letter for its full content and meaning.

76. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "51" of the Complaint and refer to the March 11, 2011 letter for its full content and meaning.

77. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "52" of the Complaint.

78. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "53" of the Complaint.

79. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "54" of the Complaint.

80. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "55" of the Complaint.

81. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "56" of the Complaint.

82. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "57" of the Complaint.

83. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "58" of the Complaint except deny that DOE breached any contractual obligation with the Union.

84. Deny the allegations set forth in paragraph "59" of the Complaint except admit that the Union initiated a grievance on Plaintiff's behalf and affirmatively deny any knowledge of plaintiff's discrimination or retaliation complaint against DOE, its agents or employees.

85. Deny the allegations set forth in paragraph "60" of the Complaint.

86. Deny the allegations set forth in paragraph "61" of the Complaint.

87. Deny the allegations set forth in paragraph "62" of the Complaint.

88. Deny the allegations set forth in paragraph "63" of the Complaint.

89. Deny the allegations set forth in paragraph "64" of the Complaint.

90. Deny the allegations set forth in paragraph "65" of the Complaint.

91. Deny the allegations set forth in paragraph "65(a)" of the Complaint.

92. Deny the allegations set forth in paragraph "65(b)" of the Complaint.

93. Deny the allegations set forth in paragraph "66" of the Complaint.

94. Deny the allegations set forth in paragraph "67" of the Complaint.

95. Deny the allegations set forth in paragraph "68" of the Complaint.

96. Deny the allegations set forth in paragraph "69" of the Complaint.

97. Deny the allegations set forth in paragraph "70" of the Complaint.

98. Deny the allegations set forth in paragraph "71" of the Complaint.

99. Deny the allegations set forth in paragraph "72" of the Complaint.

100. Deny the allegations set forth in paragraph "73" of the Complaint.

101. Deny the allegations set forth in paragraph "74" of the Complaint.

102. Deny the allegations set forth in paragraph "75" of the Complaint.

103. Deny the allegations set forth in paragraph "76" of the Complaint.

104. Deny the allegations set forth in paragraph "77" of the Complaint.

105. Deny the allegations set forth in paragraph "78" of the Complaint.

106. In response to paragraph " 79" of the Complaint, Defendant repeats and realleges her response to paragraphs "1" through "78" as if set forth fully herein.

107. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "79" of the Complaint.

108. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "80" of the Complaint.

109. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "81" of the Complaint.

110. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "82" of the Complaint.

111. In response to paragraph " 83" of the Complaint, Defendant repeats and realleges her response to paragraphs "1" through "82" as if set forth fully herein.

112. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "84" of the Complaint.

113. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "85" of the Complaint.

114. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "86" of the Complaint.

115. In response to paragraph "87" of the Complaint, Defendant repeats and realleges her response to paragraphs "1" through "86" as if set forth fully herein.

116. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "88" of the Complaint.

117. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "89" of the Complaint.

118. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "90" of the Complaint.

119. In response to paragraph "91" of the Complaint, Defendant repeats and realleges her response to paragraphs "1" through "90" as if set forth fully herein.

120. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "91" of the Complaint.

121. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "92" of the Complaint.

122. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "93" of the Complaint.

123. Deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph "94" of the Complaint.

124. In response to paragraph "95" of the Complaint, Defendant repeats and realleges her response to paragraphs "1" through "94" as if set forth fully herein.

125. Affirmatively state that the allegation set forth in paragraph "96" of the Complaint is a legal argument that does not require a response.

126. Deny the allegations set forth in paragraph "97" of the Complaint.

127. Deny the allegations set forth in paragraph "98" of the Complaint.

128. In response to paragraph "99" of the Complaint, Defendant repeats and realleges her response to paragraphs "1" through "98" as if set forth fully herein.

129. Affirmatively state that the allegation set forth in paragraph "100" of the Complaint is a legal argument that does not require a response.

130. Deny the allegations set forth in paragraph "101" of the Complaint.

131. Deny the allegations set forth in paragraph "102" of the Complaint.

## AS AND FOR A FIRST DEFENSE

132. The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

133. Union Defendants have not violated any rights or privileges owed Plaintiff under City Law, the Taylor Law, the New York City Collective Bargaining Law and New York Common Law.

## AS AND FOR A THIRD DEFENSE

134. Plaintiff's claims are time barred by the applicable statute of limitations.

## AS AND FOR A FOURTH DEFENSE

135. Plaintiff failed to exhaust administrative remedies with regards to all claims against Union Defendant.

**WHEREFORE**, Defendant respectfully request that the Court deny the relief sought by Plaintiff and dismiss the Complaint in its entirety, with costs, fees and disbursements, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
April 19, 2013

Respectfully submitted,

MARY O'CONNELL
General Counsel
District Council 37
AFSCME, AFL-CIO
125 Barclay Street
New York, New York 10007
(p) 212-895-4931 – temporary
jgribben@dc37.net

By: _____/s/_____
Jesse Gribben (JG 3799)
Assistant General Counsel
Of Counsel

TO: Vincent I. Eke-Nweke, Esq., counsel for Plaintiff (by ECF)

Kathryn E. Leone, Esq., Assistant Corporation Counsel, Corporation Counsel of the City of New York, counsel for Defendants New York City Department of Education and Renee Pepper (by ECF)