Docket No. 12 CV 1663(PKC)(MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MERLENE BACCHUS

                        Plaintiff,

-against-

THE CITY OF NEW YORK, RENÉE PEPPER and BOARD OF EDUCATION EMPLOYEES LOCAL 372, DISTRICT COUNCIL 37, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO,

                        Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CITY DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street, Rm. 2-102*
*New York, N.Y. 10007*

*Of Counsel: Kathryn E. Leone*
*Tel: (212) 356-2444*

Defendants the New York City Department of Education and Renée Pepper ("City defendants") submit this reply memorandum of law in further support of their motion for a protective order to prevent disclosure of the seven documents listed in their revised privilege log dated July 19, 2013 ( "revised privilege log").

## ARGUMENT

### THE WITHHELD DOCUMENTS ARE PROTECTED FROM DISCLOSURE

The withheld documents are protected by the attorney-client privilege and the work product doctrine and should be protected from disclosure.

**A.   The Privilege Log Is Sufficiently Detailed**

Notwithstanding the revised privilege log's detailed description of the individuals involved in the privileged communications, their titles, the subject matter of the communication, and the specific privilege being asserted, Plaintiff summarily asserts that the revised privilege log descriptions for documents bearing Bates Nos. D 000858, D 000860 – D 000862, and D 001056 – D 001057 are "deficient." Plaintiff, however, fails to identify the information that is allegedly lacking from the privilege log description for these documents, and cannot, therefore, articulate the type of information that necessitates an affidavit. Plaintiff's citation to *United States v. Construction Prods. Research, Inc.* 73 F.3d 464, 473 (2d Cir. 1996) sheds no light on the matter, as Plaintiff has not alleged that she needs further clarification as to the "relationship between … individuals not normally within the privileged relationship" as referenced in *Construction Prods*.

Plaintiff's attempt to analogize the detailed descriptions in the revised privilege log to the sparse document descriptions in *Construction Prods*. is untenable. The privilege log in *Construction Prods*. provided vague descriptions of the withheld documents such as "Fax Re: DOL Findings" with comment "cover sheet" and "Fax: Whistleblower article" with comment

"self-explanatory." *Id.* In contrast, the revised privilege log here provides the specific reason for the communications such as "requesting documents for the arbitration concerning the termination of Merlene Bacchus" and identifies the subject matter of the privileged communication such as "an SCI complaint concerning Merlene Bacchus" and "the discrimination complaint filed by Merlene Bacchus with the New York State Division of Human Rights." *See* Exhibit A. Accordingly, *Construction Prods.* is not analogous here. Given the detailed privilege log and Plaintiff's inability to articulate how the descriptions for documents bearing Bates Nos. D 000858, D 000860 – D 000862, and D 001056 – D 001057 are deficient, the privilege log for these documents is sufficient.

Further, while Plaintiff alleges that there is no "material difference" between the City defendant's privilege log dated June 25, 2013, Plaintiff's Ex. 4, and the revised privilege log dated July 19, 2013, Defendant's Ex. A, a plain reading of the documents indicates that the revised log provides the titles of the individuals identified as well as a more detailed description of the substance of the communication. Any additional detail would reveal the very privilege City defendants seek to protect. *Go v. Rockefeller Univ.*, 04-cv4008, 06-cv-1825, 2012 U.S. Dist. LEXIS 32116, at *24-25 (S.D.N.Y. Mar. 9, 2012) (holding that description of documents on privilege log provided the reader with enough information to assess claim of privilege without disclosing the privileged information).

Plaintiff also attacks the description of the Office of Labor Relations, FAQs, document bearings Bates Nos. D 001152 – D 001239 on the revised privilege log for failing to identify the date the document was created, its authors, and the recipients. As an initial matter, Plaintiff fails to indicate how the date of the FAQs bears on the matter of privilege in this case as it did in the case she cites, *Bell v. Pfizer, Inc.*, 03 Civ. 9945, 2005 U.S. Dist. LEXIS 13174

2

(S.D.N.Y. July 5, 2005). In *Bell*, the court examined the "fiduciary exception" to the attorney client privilege, which prevents an ERISA plan fiduciary from asserting attorney client privilege on matters of plan administration. 2005 U.S. Dist. LEXIS 13174, at *20-21. The date of the creation of the documents in *Bell* was relevant to privilege because documents created before the decision to deny the plaintiff retirement status, which is part of "plan administration," fell within the fiduciary exception, while documents created after were protected from disclosure. *Id.*, at *21. Here, because the date that the FAQs were created is irrelevant, the failure to include such information does not render the revised privilege log deficient. In any event, the document does not contain the date it was created, but rather the date that it was "revised," which is April 2007.

Moreover, the privilege legend on the FAQs, as described in City defendant's moving papers, *see* City Defendant's Motion for a Protective Order dated August 8, 2013 ("City defendant's Br.") at 4, clearly indicates that the document was created by members of the Office of Labor Relations and was intended as "legal advice" for principals and other supervisors, therefore any claim of ambiguity is unsupported. *In re Grand Jury Proceedings*, M-11-189, 2001 U.S. Dist. LEXIS 15646, at *36-37 (S.D.N.Y. Oct. 3, 2001) ("… the existence of [a privilege] legend may provide circumstantial evidence that the parties intended certain communications to be privileged"). Notably, Plaintiff failed to address City defendant's argument that many portions of the FAQs are irrelevant to the claims in this case and should be protected from disclosure for that reason as well. *See* City defendant's Br. at 4.

Contrary to Plaintiff's argument, *see* Plaintiff's Opposition to City Defendant's Motion for a Protective Order dated August 19, 2013, ("Pl. Opp.") at 7, the act of a DOE employee forwarding an email containing legal advice to another DOE employee does not destroy the privilege. *Baptiste v. Cushman & Wakefield, Inc.*, No. 03 Civ. 2102, 2004 U.S. Dist.

3

LEXIS 2579, at *6 (S.D.N.Y. Feb. 20, 2004) (communication from counsel does "not lose [its] privileged status when shared among corporate employees"). Additionally, the privilege log does not reflect any documents created by non-attorney that were then forwarded to an attorney in order to create a privilege as alleged by Plaintiff, *see* Pl. Opp. at 7. Indeed, all of the correspondence either originated from an attorney, was sent directly to an attorney, or referenced legal advice an attorney provided to a DOE employee, all of which are protected communications.

## CONCLUSION

For all of the foregoing reasons, and the reasons cited in City Defendant's Motion for a Protective Order dated August 8, 2013, City defendants respectfully request that the Court issue an order of protection for the documents listed in City defendants' privilege log dated July 19, 2013 together with such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         August 22, 2013

                                        MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                          City of New York
                                      Attorney for the Defendants
                                        100 Church Street, Room 2-102
                                        New York, New York 10007
                                        (212) 356-2444
                                        kleone@law.nyc.gov

                     By: _____/s/_____
                             Kathryn E. Leone
                             Assistant Corporation Counsel