UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERLENE BACCHUS,<br><br>　　　　　　　Plaintiff,<br><br>　　-against-<br><br>THE CITY OF NEW YORK, RENÉE PEPPER and BOARD OF EDUCATION EMPLOYEES LOCAL 372, DISTRICT COUNCIL 37, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO,<br><br>　　　　　　　Defendants. | Case No.: 12-cv- 1663 (PKC)(MDG)<br><br>**PLAINTIFF'S STATEMENT OF *DISPUTED* MATERIAL FACTS PURSUANT TO RULE 56.1 IN OPPOSITION TO *UNION DEFENDANTS' MOTION* FOR <u>SUMMARY JUDGMENT</u>** |

Plaintiff Merlene Bacchus ("plaintiff" or "Bacchus"), pursuant to Local Civil Rule 56.1 submits this Statement of Disputed Material Facts (Plaintiff's Rule 56 Counter Statement") in opposition to the motion for summary judgment by Defendants Board of Education Employees Local 372, District Council 37, American Federation of State, County and Municipal Employees, AFL-CIO ("Unions" or "Union Defendants").

Plaintiff's Rule 56 Counter Statement is set forth in numbered paragraphs in response to the respective corresponding numbered paragraphs of Union Defendants' Local Rule 56.1 Statement of Undisputed Material Facts ("Union Defendants' Statement").

　　1.　　Admitted.

　　2.　　Admitted.

　　3.　　Plaintiff admits the allegations contained in paragraph "**3**" of the Union Defendants' Statement. It is further set forth that plaintiff began her employment with the New York City Department of Education ("DOE") in 1994 as a School Aide and was employed in that capacity until

March 11, 2011. (Bacchus[1] Aff. ¶ 4)

---

[1]References to:

- **"Bacchus Aff. ¶ __"** refers to the Affidavit of plaintiff attached as **Exhibit 1** to Declaration of Vincent I. Eke-Nweke submitted in support of plaintiff motion for partial summary judgment against the Unions.

- **"Bacchus Tr. __"** refers to the transcript of plaintiff's deposition and exhibits to (**"Bacchus Tr. Exh.__"**) taken in this action on May 21, 2013 and August 14, 2013, which are attached as **Exhibit "2"** to Eke-Nweke Decl. submitted herewith.

- **"Bacchus Opp. Aff. ¶ __"** refers to the Affidavit of plaintiff submitted herewith in opposition to the defendants' motions for summary judgment and annexed as Exhibit 1 to Eke-Nweke Opp. Decl., submitted in support of plaintiff motion for partial summary judgment against the Unions.

- **"Eke-Nweke Opp. Decl. Exh__"** refers to any of the other documents attached as **"Exhibit _"** to Declaration of Vincent I. Eke-Nweke in opposition to Defendants' motions.

- **"Bala Tr. __"** refers to the transcript of Barbara Levy's deposition, excerpts of and exhibits to (**"Bala Tr. Exh.__"**) taken in this action on June 20, 2013, which are attached as **Exhibit 7** to Eke-Nweke Opp. Decl. submitted herewith.

- **"Levy Tr. __"** refers to the transcript of Barbara Levy's deposition, excerpts of and exhibits to (**"Levy Tr. Exh.__"**) taken in this action on June 27, which are attached as **Exhibit 8** to Eke-Nweke Opp. Decl. submitted herewith.

- **Martin Decl. Exh__"** refers to the documents attached as **"Exhibit _"** to Declaration of Kathryne E. Martin, Esq., in support of DOE defendants motion for summary Judgment.

- **"Cabranes Tr. __"** refers to the transcript of Myna Cabranes's deposition, excerpts of and exhibits to (**"CabranesTr. Exh.__"**) taken in this action on June 12, 2013, which are attached as **Exhibit 4** to Eke-Nweke Decl. submitted herewith.

- **"Dickerson Tr. __"** refers to the transcript of Craig Dickerson's deposition, excerpts of and exhibits to (**"Dickerson Tr. Exh. 1"**) taken in this action on June 12, 2013, which are attached as **Exhibit 5(a)** to Eke-Nweke Decl. submitted herewith.

- **"Menduina Tr. __"** refers to the transcript of Michelle Menduina's deposition, excerpts taken in this action on June 13, 2013, which are attached as **Exhibit 5(b)** to Eke-Nweke Decl. submitted herewith;

- **"McLaren Tr. __"** refers to the transcript of Candace McLaren's deposition, excerpts

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Plaintiff admits, solely for the purposes of this motion, the allegations contained in paragraph "8" of the Union Defendants' Statement.

9. Plaintiff admits, solely for the purposes of this motion, the allegations contained in paragraph "9" of the Union Defendants' Statement.

---

of and exhibits to ("**McLaren Tr. Exh.__**") taken in this action on June 20, 2013, which are attached as **Exhibit 5(c)** to Eke-Nweke Decl. submitted herewith.

- "**Lopez Tr. __**" refers to the transcript of Katarzyna Lopez's deposition, excerpts of and exhibits to ("**Lopez Tr. Exh.__**") taken in this action on June 20, 2013, which are attached as **Exhibit 5(d)** to Eke-Nweke Decl. submitted herewith.

- "**Roach Tr. __**" refers to the transcript of Robin Roach's deposition, excerpts of and exhibits to ("**Roach Tr. Exh.__**") taken in this action on June 13, 2013, which are attached as **Exhibit 6** to Eke-Nweke Decl. submitted herewith.

- "**Pepper Tr. __**" refers to the transcript of Renee Pepper's deposition, excerpts of and exhibits to ("**Pepper Tr. Exh.__**") taken in this action on June 14, 2013 and August 26, 2013, which are attached as **Exhibit 7** to Eke-Nweke Decl. submitted herewith.

- "**O'Connell Tr. __**" refers to the transcript of Colleen O'Connell's deposition, excerpts of and exhibits to ("**O'Connell Tr. Exh.__**") taken in this action on June 17 and September 3, 2013, which are attached as **Exhibit 8** to Eke-Nweke Decl. submitted herewith.

- "**Eke-Nweke Decl. Exh__**" refers to any of the other documents attached as "**Exhibit _**" to Declaration of Vincent I. Eke-Nweke submitted herewith.

10. Plaintiff disputes the allegations contained in paragraph **"10"** of the Union Defendants' Statement that Assistant Directors review that the request for arbitration includes "all the details necessary to outline what the case is about, and all the documents that are needed" before forwarding the case to the Unions Legal Department. Plaintiff states that such reviews do not include any investigations or results thereof conducted by the Unions. (Plaintiff's Statement[2] ¶¶ 25-59)

11. Plaintiff admits that the allegations contained in paragraph **"11"** of the Union Defendants' Statement purports to state an internal practice of the Unions but states that such practice is not a material fact in the instant motion.

12. Plaintiff admits that the allegations contained in paragraph **"12"** of the Union Defendants' Statement purports to state internal practice of the Unions but states that such practice is not a material fact in the instant motion.

13. Plaintiff admits the allegations contained in paragraph **"13"** of the Union Defendants' Statement that Robin Roach, Esq. ("Roach") used to be Associate General Counsel for District Council 37 and is now its current General Counsel. It is further set forth that neither the Unions' purported internal practice or Roach's exclusive responsibility, right or power is a material fact in the instant motion.

14. Plaintiff disputes the suggestion allegations contained in paragraph **"14"** of the Union Defendants' Statement that Roach performed proper "merit reviews" of all Unions' internal request for arbitration, including the request for arbitration concerning plaintiff's discharge grievance. (Plaintiff's Statement ¶¶ 63-66)

---

[2]Reference to "Plaintiff's Statement ¶__" refers to Plaintiff's Statement of Undisputed Material Facts submitted by plaintiff in support of her motion for partial summary judgment against the Unions.

4

15. Plaintiff admits that the allegations contained in paragraph **"15"** of the Union Defendants' Statement purports to state internal practices of the Unions but plaintiff states that such practices do not comply with the Unions' obligations under the Collective Bargaining Agreement ("CBA") as it is undisputed that the Unions, admittedly did not conduct any investigation of the grievances they pressed on behalf of the plaintiff and further states that without any investigations of the grievances, such practices fall short of the Unions' Duty of Fair Representation ("DFR"). (Plaintiff's Statement ¶¶ 25-66)

16. Plaintiff disputes the suggestion or allegation contained in paragraph 16 of the Union Defendants' Statement that Roach performs proper "merit reviews" of all Unions' internal request for arbitration, including the request for arbitration concerning plaintiff's discharge grievance. The alleged merit reviews were flawed because the Unions did not conduct any investigations into the grievances the Unions pressed for plaintiff. (Plaintiff's Statement ¶¶ 63-66)

17. Plaintiff admits that the allegations contained in paragraph **"17"** of the Union Defendants' Statement purports to state an internal practice of the Unions but states that the Unions did not comply with such practice with respect to plaintiff's discharge grievance as the Unions admittedly allegedly sent the notice by mail to: "146-47 **160th** Avenue, 1st Floor, Jamaica, New York 11435", a wrong address where plaintiff never resided. The alleged notice was never received by plaintiff until March 2012 . (Bacchus Tr. 149:1-21, 153:13-20; Bacchus Aff ¶¶ 38-39; Cabranes Tr.91:14-24, 94:13-23, Exhs. 13 & 23; Menduina Tr. 14:20-15:2-4; Dickerson Tr. 47-48, Exh. 1)

18. Plaintiff admits that the allegations contained in paragraph **"18"** of the Union Defendants' Statement purports to state an internal practice of the Unions but states that plaintiff received the notice in question more than 20 days from the date on the letter (on or about March 22,

2012) and that the Unions, by and through plaintiff's then Union Representative, Craig Dickerson ("Dickerson"), advised plaintiff that plaintiff's discharge grievance can no longer proceed to arbitration because 21 days had expired from the date on the letter. (Dickerson Tr. 47:8-25-48:2-9, Exh. 1; Bacchus Tr. 149:1-21, 153:13-20, 155:7-9; Bacchus Aff ¶¶ 38-39)

19. Plaintiff admits that the allegations contained in paragraph **"19"** of the Union Defendants' Statement purports to state an internal practice of the Unions concerning meeting between Roach and a Unions' member following such member's receipt of a 20-day letter from the Unions. Plaintiff further states as follows:

a  If a member fails to contact the Unions following the issuance of a 20-day letter, such member's Union Representative would contact the member and find out from the member if he or she received the 20-day letter, or why there was no response from the member or what the member wants to do. (Cabranes Tr. 97:19-25-99:2-9)

b.  Contrary to the Unions practice, in this case, the Unions did not contact or make any attempt to contact plaintiff following the alleged issuance of the 20-day letter. (Cabranes Tr. 99: 2-18; Dickerson Tr. 47:8-16).

c.  Dickerson testified as follows regarding the alleged 20-day letter:

> Q. If Ms. Bacchus hadn't contacted you in March 2012, would you have contacted her with respect to the 20 day letter?
> A. **No.**
> Q. Why not?
> A. **Because at that time my caseload was extremely heavy.**

(Dickerson Tr. 47:8-14)

20. Plaintiff admits that the allegations contained in paragraph **"20"** of the Union Defendants' Statement purports to state internal practice of the Unions but states that such practice

is not a material fact in the instant motion, that the Unions did not afford plaintiff the opportunity to meet with Roach in connection with the discharge grievance and that such Unions' internal practice does not supercede the provisions of the CBA nor comply with the Unions' DFR. (Plaintiff's Counter Rule 56 Statement ¶ 19(a)-(c))

21. Plaintiff admits that the allegations contained in paragraph "**21**" of the Union Defendants' Statement purports to state a practice by which the Unions and the DOE engage in direct arbitration of grievances, but states that such practice is not a material fact in the instant motion, does not supercede the provisions of the CBA nor comply with the Unions' DFR.

22. Plaintiff admits that the allegations contained in paragraph "**22**" of the Union Defendants' Statement purports to state a practice by which the Unions and the DOE engage in direct arbitration of grievances, but states that such practice is not a material fact in the instant motion, does not supercede the provisions of the CBA nor comply with the Unions' DFR.

23. Plaintiff admits that the allegations contained in paragraph "**23**" of the Union Defendants' Statement purports to state a practice by which the Unions and the DOE engage in direct arbitration of grievances, but states that such practice is not a material fact in the instant motion, does not supercede the provisions of the CBA nor comply with the Unions' DFR.

24. Plaintiff admits that the allegations contained in paragraph "**24**" of the Union Defendants' Statement purports to state a practice by which the Unions and the DOE engage in direct arbitration of grievances, but states that such practice is not a material fact in the instant motion, does not supercede the provisions of the CBA nor comply with the Unions' DFR.

25. Plaintiff admits the allegations contained in paragraph "**25**" of the Union Defendants' Statement that Phyllis Wambser ("Wambser") was plaintiff's Union Representative "prior to, during

and after [plaintiff's] discharge" but further states that upon Wambser's retirement on or about November 4, 2011, Dickerson became plaintiff's Union Representative. (Roach Tr. 68-69; Plaintiff's Statement ¶¶9-10; Dickerson Tr. 10-12, 17)

26. Plaintiff disputes the allegation contained in paragraph **"26"** of the Union Defendants' Statement that "Wambser was actively representing Plaintiff and challenging Plaintiff's suspension...." To the contrary, Wambser breached the duty of fair representation, loyalty and utmost good faith the Unions owed to plaintiff by failing to investigate plaintiff's grievances, by repeatedly siding with the Administration's position at the expense of plaintiff's position, by undermining plaintiff's defense and by making comments that were prejudicial to plaintiff. (Plaintiff's Statement ¶¶ 25-66; Defendants' Statement ¶¶ 58, 60, 61, 63, 67 and 69; Eke-Nweke Decl. Exh. 9(a) pp. 16-18)

27. Plaintiff disputes the allegations contained in paragraph **"27"** of the Union Defendants' Statement that Wamber's conduct in processing plaintiff's suspension grievance was consistent with the CBA. Plaintiff further states that the CBA permits the union representative to go to the school and investigate an issue that is grieveable, ask adult witnesses for statements and interview adult witnesses but Wambser and the Unions failed to conduct any investigation of the suspension grievance and did not interview any adult any witnesses. (Cabranes Tr. 36-37; Bacchus' Tr. 144, Roach Tr. Exh. 1; Plaintiff's Statement ¶ 13(c)).

28. Plaintiff disputes the suggestion or allegations contained in paragraph **"28"** of the Union Defendants' Statement that Roach performed a proper "merits review" of plaintiff's suspension grievance but admits that Roach initially declined to take the suspension grievance to arbitration before the Grievance Panel. (Plaintiff's Statement ¶¶69-72; Bacchus Aff¶¶ 44-54)

29. Plaintiff admits the allegation contained in paragraph "**29**" of the Union Defendants' Statement that the Unions conveyed the suspension grievance decision to plaintiff via letter mailed to 146-47 "**106th**" Avenue, Jamaica, New York 11435, as opposed to 146-47 "**160th**" Avenue by which the Unions claim they mailed the discharge grievance 20-day letter. (Plaintiff's Counter Rule 56 Statement ¶ 17)

30. Plaintiff admits the allegation contained in paragraph "**30**" of the Union Defendants' Statement that plaintiff met with Roach regarding her suspension grievance but Disputes as conclusory, the allegation that she exercised any purported "right" in connection with such meeting.

31. Admitted.

32. Plaintiff admits the allegation contained in paragraph "**32**" of the Union Defendants' Statement that her suspension grievance was presented to arbitration and that the Unions notified plaintiff that the suspension was upheld. Plaintiff further states, it is undisputed that the Unions did not conduct any investigation relative to the suspension grievance. (Plaintiff's Statement ¶¶69-72; Bacchus Aff¶¶ 44-54)

33. Plaintiff admits the allegation contained in paragraph "**33**" of the Union Defendants' Statement that she was discharged from her employment with the DOE on March 11, 2011, but plaintiff disputes that she violated Chancellor's Regulation A-421. (Bacchus Aff. ¶ 33)

34. Admitted, solely for the purposes of this motion.

35. Admitted, solely for the purposes of this motion.

36. Admitted, solely for the purposes of this motion.

37. Admitted, solely for the purposes of this motion.

9

38. Plaintiff disputes the suggestion or allegations contained in paragraph "38" of the Union Defendants' Statement that Wambser properly processed plaintiff's discharge grievance. To the contrary, Wambser and the Unions did not conduct any investigation of the discharge grievance, nor interview any adult witnesses, nor insist that additional student witnesses be interviewed. (Plaintiff's Statement ¶¶ 38-59)

39. Plaintiff disputes as ambiguous and immaterial the allegation contained in paragraph "39" of the Union Defendants' Statement, but agrees that the Unions did not conduct any investigation of both the discharge grievance and suspension grievance. (Plaintiff's Statement ¶¶ 38-59; 69-72)

40. Plaintiff disputes the suggestion or allegations contained in paragraph "40" of the Union Defendants' Statement that both the discharge and suspension grievances were properly reviewed or processed by the Unions. To the contrary, it is undisputed that the Unions did not investigate both grievances, nor interview any adult witnesses, nor insist that additional student witnesses be interviewed, that Wambser repeatedly sided with the Administration's position at the expense of plaintiff's position, undermined plaintiff's defense and made numerous comments that were prejudicial to plaintiff. (Plaintiff's Statement ¶¶ 25-66; Defendants' Statement ¶¶ 58, 60, 61, 63, 67 and 69; Eke-Nweke Decl. Exh. 9(a) pp. 16-18)

41. Plaintiff disputes as misleading the suggestion or allegations contained in paragraph "41" of the Union Defendants' Statement that plaintiff resided at "146-47 160th Avenue, 1st Floor, Jamaica, New York 11435", and states that the alleged termination grievance 20-day letter was allegedly mailed to plaintiff at such wrong address where plaintiff never resided, and that it is undisputed that the alleged notice was never received by plaintiff until March 2012. (Bacchus Tr.

149:1-21, 153:13-20; Bacchus Aff ¶¶ 38-39; Cabranes Tr.91:14-24, 94:13-23, Exhs. 13 & 23; Menduina Tr. 14:20-15:2-4; Dickerson Tr. 47:8-25-48:2-9, Exh. 1; Plaintiff's Statement ¶ 17)

42. Plaintiff disputes as misleading the suggestion or allegations contained in paragraph "42" of the Union Defendants' Statement that plaintiff received the alleged discharge grievance 20-day letter prior to March 2012, and disputes that plaintiff was given an opportunity to meet with Roach regarding the discharge grievance. (Bacchus Tr. 149:1-21, 153:13-20; Bacchus Aff ¶¶ 38-39; Cabranes Tr.91:14-24, 94:13-23, Exhs. 13 & 23; Menduina Tr. 14:20-15:2-4; Dickerson Tr. 47:8-25-48:2-9, Exh. 1). Plaintiff further states as follows regarding the alleged opportunity to meet with Roach in connection with the possible arbitration of the discharge grievance:

 a That the Unions had a practice that whenever a member fails to contact the Unions following the issuance of a 20-day letter, such member's union representative would contact the member and find out from the member if he or she received the 20-day letter, or why there was no response from the member or what the member wants to do regarding arbitration. (Cabranes Tr. 97:19-25-99:2-9)

 b. However, in this case, Dickerson and the Unions did not contact or make any attempt to contact plaintiff following the alleged issuance of the 20-day letter. (Cabranes Tr. 99: 2-18; Dickerson Tr. 47:8-16).

 c. Dickerson testified as follows regarding the alleged 20-day letter:

  Q. If Ms. Bacchus hadn't contacted you in March 2012, would have contacted her with respect to the 20 day letter?
  A. **No.**
  Q. Why not?
  A. **Because at that time my caseload was extremely heavy.** (Dickerson Tr. 47:8-14)

d.  The alleged 20-day letter dated November 10, 2011, clearly states in relevant parts: If you do not agree with this recommendation, you have twenty (20) working days, from the date of this letter to contact your Representative Craig Dickerson ... to schedule a meeting to discuss this matter. If you do not respond within 20 days, your case will be closed. (Cabranes Tr. Exh. 23)

e.  Plaintiff received the notice or 20-day letter on or about March 22, 2012 -- more than 20 days from the date on the letter -- and contacted Dickerson whose name and phone number were stated on the 20-day letter as plaintiff's Representative. Dickerson advised plaintiff the discharge grievance can no longer proceed to arbitration because 21 days had expired from the date on the letter and that nothing could be done about the grievance. (Dickerson Tr. 47:8-25-48:2-9, Exh. 1; Bacchus Tr. 149:1-21, 153:13-20, 155:7-9; Bacchus Aff ¶¶ 38-39)

43  Plaintiff disputes as mis-characterization of plaintiff's deposition testimony allegations contained in paragraph **"43"** of the Union Defendants' Statement. (Plaintiff's Counter Rule 56 Statement ¶¶ 19 and 42)

44.  Plaintiff disputes as misleading, the allegations contained in paragraph **"44"** of the Union Defendants' Statement and further states that in September 2011, both Wambser and Dickerson informed plaintiff that the Unions would take the discharge grievance to arbitration. From September 2011 through early March 2012, plaintiff assumed that her discharge grievance had been taken to arbitration. However, on or about March 8, 2012, when plaintiff called the Unions to inquire about the status of such arbitration, Dickerson verbally informed plaintiff, for the first time, that the Unions decided not to take the grievance to arbitration. Subsequently, on or about March 22, 2012 plaintiff received the alleged 20-day letter dated November 10, 2011 **(Bacchus Tr. 150-151)** The alleged 20-day letter states in relevant parts:

> If you do not agree with this recommendation, you have twenty (20) working days, from the date of this letter to contact **your Representative Craig Dickerson ... to schedule a meeting to discuss this matter. If you do not respond within 20 days, your case will be closed.** (Emphasis added)

(Cabranes Tr. Exh. 23)

45. Plaintiff disputes the allegations contained in paragraph **"45"** of the Union Defendants' Statement and states that she is suing the Unions for the claims alleged in Second Amended Complaint against the Unions.

46. Plaintiff disputes as immaterial, the allegations contained in paragraph **"46"** of the Union Defendants' Statement and states that the approximate dates of the events that underlie her breach of DFR claim are set forth in the Second Amended Complaint, the testimonies of the witnesses in this case as well as documents in the record of this motion.

47. Admitted.

48. Plaintiff disputes the allegations contained in paragraph **"48"** of the Union Defendants' Statement and refers to paragraphs 18 through 59 and 65 Plaintiff's Statement.

49. Plaintiff disputes as argument, the allegations contained in paragraph **"49"** of the Union Defendants' Statement and states that the CBA does not preclude the Unions from interviewing school children or their parents and does not preclude the Unions from requiring the School Administration to interview student witnesses or the parents or such witnesses. Plaintiff further states that the CBA provides as follows in relevant parts:

> Upon request to the head of the school, a Union staff representative shall be permitted to meet with the employees in the unit during their non-working time, within the school, for the purpose of investigating complaints and grievances, under circumstances that will not interfere with school activities. A Union representative or shop steward shall

13

be permitted to investigate grievances and complaints during working time provided such grievances require inspection of working conditions at the work location. CBA art. XX.

50. Plaintiff disputes as argument, the allegations contained in paragraph **"50"** of the Union Defendants' Statement and states that the CBA allows the Unions to go the school, for the purpose of investigating complaints and grievances.

51. Plaintiff disputes as argument, the allegations contained in paragraph **"51"** of the Union Defendants' Statement and states that Colleen O'Connell testified that the hair pulling allegation for which plaintiff was allegedly suspended was captured by the surveillance video. Plaintiff further states that a review of the relevant surveillance videos for the dates and times of the alleged incidents would have yielded probative evidence for such incidents and prove that the allegations did not occur. (O'Connell Tr. 107-117)

52. Admitted but states that plaintiff made such requests verbally numerous times.

53. Admitted.

54. Plaintiff disputes as argument, the allegations contained in paragraph **"54"** of the Union Defendants' Statement and states that the CBA provides as follows in relevant parts:

> The [DOE] agrees to continue its policy of not discriminating against any employees on the basis of race, creed, color, national origin....

CBA Art. II.

55. Plaintiff admits that Wambser informed plaintiff that Wambser can't do anything about plaintiff's claims of discrimination but states that Wambser's opinion is incorrect because, as CBA provides, the DOE agrees to continue its policy of not discrimination. CBA Art. II.

Dated: New York, New York
August 22, 2014

14

Respectfully submitted,

LAW OFFICE OF VINCENT I. EKE-NWEKE, P.C.

By: _____
Vincent I. Eke-Nweke (VE 5282)
Attorney for Plaintiff MERLENE BACCHUS
498 Atlantic Avenue
Brooklyn, New York 11217
(718) 852-8300