LAW OFFICE OF VNCENT I. EKE-NWEKE, P.C.,
498 ATLANTIC AVENUE
BROOKLYN, NEW YORK 11217
TEL. (718) 852-8300
FAX: (718) 852-7361

June 24, 2016

**VIA ECF**
Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

Re:    Merlene Bacchus v. New York City Department of Education, et al.,
         Case No.: 12-cv-01663 (PKC) (MDG)

Your Honor:

My office represents Merlene Bacchus, plaintiff in the above-referenced action.

We write pursuant to the Court Order dated May 15, 2016, which directed plaintiff to file a letter addressing why her claim under New York Civil Service Law§ 209-a (2) (C) ("Taylor Law") should not be dismissed (as the Union Defendants contend by their pre-motion conference letter dated May 12, 2016) (Dkt. 90) in light of the New York Court of Appeals decision in *Palladino v. CNY Centro, Inc.,* 23 N.Y. 3d 140, 147 (2014) (*citing Martin v. Curran,* 303 N.Y. N.Y. 276 (1951).

Specifically, the Court directed plaintiff to address: (1) whether there is a factual dispute regarding the Union Defendants' status as "voluntary unincorporated associations," (2) whether plaintiff is prepared to prove at trial that "each member of the unions authorized or ratified the alleged wrongful conduct" if her Taylor Law claim is allowed to proceed and (3) whether there are any barriers to plaintiff's ability to bring an improper practice charge under Taylor Law before the New York State Public Employment Relations Board ("PERB").

My research and investigation has not disclosed any evidence which suggests that there is a factual dispute regarding the Union Defendants' status as "voluntary unincorporated associations." I have reviewed copies of documents furnished by the unions' counsel, which appear to indicate that each Union defendant was Chartered by The American Federation of State, County and Municipal Employees. Also, I expect to receive from the Unions' counsel, affidavit deposed to by a person with knowledge and authority stating that the unions are voluntary unincorporated associations.

With respect to the second question, if plaintiff's Taylor Law claim is allowed to proceed to trial, it is very unlikely that plaintiff will not be prepared to prove that "each member of the unions authorized or ratified the alleged wrongful conduct" underlying her Taylor Law claim.

Finally, plaintiff's ability to commence an improper practice charge under Taylor Law before PERB may be hindered by the provisions of Section 204.1 of PERB's Rules of Procedure, which requires

that improper practice charges be filed within four months of the alleged improper practice.

While it is still uncertain whether or not PERB will accept such improper practice charge for adjudication on the merits, plaintiff and the union defendants are currently finalizing the terms of a Stipulation of Discontinuance which would be filed with the Court to be So Ordered, pursuant to which, among other things, plaintiff's Taylor Law claim will be dismissed by this Court and if plaintiff commences such improper practice charge, the Unions would not object to PERB's jurisdiction to adjudicate such charge and would waive any defense based on statute of limitation or laches.

Given the foregoing, we respectfully request the Court to allow plaintiff's and the Unions to submit such Stipulation.

Respectfully submitted,

LAW OFFICE OF VINCENT I. EKE-NWEKE, P.C.

/s/ Vincent I. Eke-Nweke
Vincent I. Eke-Nweke

cc: Yuval Rubinstein, Esq. (by ECF)
      Hanan B. Kolko, Esq. (by ECF)